## AFFIDAVIT OF SPECIAL AGENT SEAN P. CLARK

I, Sean P. Clark, Special Agent ("SA") with the Federal Bureau of Investigation ("FBI"), Washington Field Office ("WFO"), Washington, D.C., (hereafter "your affiant") being duly sworn, depose and state as follows:

1.I am a Special Agent (SA) of the Federal Bureau of Investigation (FBI) assigned to the Northern Virginia Resident Agency of the Washington Field Office. I have been a Special Agent with the FBI since January 1999 and have been employed with the FBI in other capacities since January 1996. I am currently assigned to investigations relating to, among other things, crimes against children, including the sex trafficking of children, and child sex tourism investigations. As a federal agent, I am authorized to investigate violations of the laws of the United States and am a law enforcement officer with authority to execute warrants issued under the authority of the United States. I have received training in Commercial Sexual Exploitation of Children and have participated in numerous interviews and debriefings of persons involved in child sexual exploitation. I have gained expertise in the conduct of such investigations through formal training, on-the-job training, and approximately fourteen years as a federal investigator.

2.This affidavit is based, in part, upon information provided to me by other Special Agents of the FBI, U.S. State Department officials, witnesses, and other information gathered during the course of this investigation. Since this affidavit is being submitted for the limited purpose of establishing probable cause in support of this application for a complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts which I believe are necessary to establish probable cause in support of a complaint and arrest warrant.

3.As a result of my personal participation in this investigation, as well as through

interviews with and analysis of reports submitted by other FBI officers and U.S. State Department officials (DOS) who are involved in this investigation, I am familiar with all aspects of this investigation. On the basis of this familiarity, and on the basis of other information which I have reviewed and determined to be reliable, I allege the facts show there is probable cause to believe that violations of Title 18 United States Code, Sections 2423(c) have been committed by HECTOR ORJUELA, JR., a United States citizen.

4. Title 18 United States Code, Section 3238, "Offenses Not Committed in Any District," states in relevant part: "The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender [. . .] is arrested or is first brought; but if such offender or offenders are not so arrested or brought into any district, an indictment or information may be filed in the district of the last known residence of the offender [. . .] or if no such residence is known the indictment or information may be filed in the District of Columbia." A search of ORJUELA's last known residence in the United States was conducted with inconclusive results. Therefore venue is proper in the District of Columbia.

5. Title 18, United States Code, Section 2423(c) prohibits any United States citizen from traveling in foreign commerce and engaging in any illicit sexual conduct with another person. Illicit sexual conduct is defined in 18 United States Code Section 2423(f) as: "(1) a sexual act (as defined in section 2246) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States; or (2) any commercial sex act (as defined in section 1591) with a person under 18 years of age. Title 18, United States Code Section 2246(2) in relevant part defines a sexual act as,

    …(B) contact between the mouth and the penis…(C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

18 U.S.C. § 2246(2).

6.     On or about November 28, 2012, a complainant reported to law enforcement that HECTOR ORJUELA, JR., year of birth 1966, a United States citizen who currently lives in China and has previously listed Shanghai, China as his mailing address, engaged in sexual conduct with two five year old twin female juvenile children (here-in-after referred to as "CF" and "MF"). The sexual abuse occurred on multiple occasions initiating on or about September 11, 2012 and ending on November 28, 2012. The complainant, the mother of CF and MF, is a French citizen who currently resides in China with her husband and children.

7.     Except where specifically indicated, the following information was reported to FBI by the complainant and DOS. According to DOS, ORJUELA listed his employment as an instructor at Lycee Francais De Shanghai. State Department records demonstrate that ORJUELA renewed his U.S. passport on November 9, 2009, listing his mailing address as Shanghai, China; his occupation as teacher and his employer as Lycee Francais De Shanghai.

8.     According to the complainant, ORJUELA taught the two victims English in Shanghai between the periods September 11, 2012 through November 28, 2012. ORJUELA's travel records show a pattern of flights transiting through Los Angeles International Airport (LAX) and ending in Seoul, Korea. Travel records show that on or about August 13, 2012 ORJUELA departed the United States from LAX to Seoul, Korea. ORJUELA arrived in China some time thereafter but prior to September 11, 2012. Travel records also show that on or about

November 23, 2012, ORJUELA departed the United States from LAX to Seoul, Korea and arrived in China sometime that week.

9. On and prior to December 5, 2012, the complainant was interviewed by law enforcement officers and provided the following information. On November 28, 2012, complainant was on the telephone with her husband while CF was being tutored in English by ORJUELA. During the telephone conversation, complainant noticed she was not hearing any English being spoken between CF and ORJUELA. Complainant went to take a peek at what was going on and witnessed CF with CF's pants down and ORJUELA fondling her from both the front and rear. Complainant immediately had ORJUELA leave her house. Complainant called her American friend and asked this friend to come over the house. Complainant's friend arrived within five minutes and called the U.S. Consulate. American Citizens Services (ACS) Shanghai advised complainant to call the local police, the French Consulate and the school where ORJUELA teaches. Complainant's friend had her driver call the local Shanghai police. The local police arrived and with the assistance of a Chinese-French translator, interviewed the complainant and one of the child victims. CF was examined at a local Shanghai hospital. Initially CF was thought to be the only victim, but thereafter MF disclosed to complainant that ORJUELA had also molested her.

10. ORJUELA is currently being held in administrative detention by the local Shanghai police.

11. On December 5, 2012, U.S. law enforcement official interviewed ORJUELA while ORJUELA was in custody in Shanghai, China. ORJUELA was advised and waived his Miranda rights and provided the following information. ORJUELA advised he was aware the two female victims (CF and MF) were five years old. ORJUELA stated that on November 28,

2012, during the course of his tutoring class of CF, he pulled down CF's pants and underwear and touched CF but did not penetrate her. ORJUELA stated that he touched and fondled the legs and "private parts" of both CF and MF on several occasions. ORJUELA stated that he touched CF in this manner four times and MF only twice as MF resisted. ORJUELA stated that he was sexually abused when he was eleven years old.

12. ORJUELA admitted to visiting internet websites to view images of child models in swimming suits and "stuff like that" but not child pornography.

13. Based on the above information, I respectfully submit that there is probable cause to believe that HECTOR ORJUELA, JR., violated Title 18, U.S.C. Sections 2423(c).

_____
Special Agent Sean P. Clark
Federal Bureau of Investigation

Sworn and subscribed to before me this \_\_\_\_ day of December, 2012.

_____
UNITED STATES MAGISTRATE JUDGE